UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOOM FRESH INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>JESSE SOLORIO, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01305-JLT-CDB<br><br>ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FED. R. CIV. P. 4(m)<br><br>ORDER DIRECTING PLAINTIFF TO APPLY FOR ENTRY OF DEFAULT AND TO MOVE FOR DEFAULT JUDGMENT<br><br>**7 Day Deadline** |

Plaintiff Bloom Fresh International Limited ("Plaintiff") initiated this action with the filing of a complaint against Defendants Jesse Solorio, Del Sol Produce Sales, Inc., Jesse Solorio & Sons Cold Storage, Inc., Crescensio A. Mena, and Patricio A. Mena (collectively, "Defendants") on October 2, 2025. (Doc. 1). The next day, the Court entered an order setting a mandatory scheduling conference and directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 5 at 1). The order further advised Plaintiff that failure to timely complete service "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

To date, it has been 90 days since Plaintiff filed its complaint and Plaintiff has not filed proof of service nor any report setting forth an explanation for the failure to serve organizational

1  Defendants Del Sol Produce Sales, Inc. and Jesse Solorio & Sons Cold Storage, Inc.
2  ("organizational Defendants").  Although Plaintiff pleads on information and belief that Defendant
3  Jesse Solorio operates and owns the organizational Defendants (Doc. 1 ¶¶ 8-9), the Court cannot
4  presume that service effected as to Defendant Jess Solorio (Doc. 6) constitutes completed service
5  as to the organizational Defendants without the return of summonses returned executed and/or
6  other form of proof of service.

7  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
8  or with any order of the Court may be grounds for imposition by the Court of any and all
9  sanctions…within the inherent power of the Court."  The Court has the inherent power to control
10 its docket and may, in the exercise of that power, impose sanctions where appropriate, including
11 dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

12 In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides:  "If a defendant is
13 not served within 90 days after the complaint is filed, the court - on motion or on its own after
14 notice to the plaintiff - must dismiss the action without prejudice against that defendant or order
15 that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Absent a showing of good
16 cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

17 Accordingly, the Court will order Plaintiff to show cause what the organizational
18 Defendants should not be dismiss under Rule 4(b).

19 Separately, because it appears from the docket that Defendant Jesse Solorio has failed to
20 file a responsive pleading (*see* Doc. 6) or otherwise appear in the action, the Court will order
21 Plaintiff to apply to the Clerk of the Court for entry of default and thereafter to file a motion for
22 default judgment.

23 **Conclusion and Order**

24 Based on the foregoing, it is HEREBY ORDERED that, within **seven (7) days** of entry of
25 this order, Plaintiff SHALL show cause in writing why Defendants Del Sol Produce Sales, Inc.
26 and Jesse Solorio & Sons Cold Storage, Inc., should not be dismissed for Plaintiff's failure to serve
27 the summons and complaint in a timely manner under the Court's orders and Rule 4(m).
28 And it is FURTHER ORDERED that, within **seven (7) days** of entry of this order, Plaintiff

SHALL file an application for entry of default against Defendant Jesse Solorio, and within 30 days of any entry of default by the Clerk of the Court, Plaintiff SHALL file and serve upon Defendant Jesse Solorio a motion for default judgment identifying therein the noticed hearing date and informing Defendant of his right to file an opposition and appear for the motion hearing.

IT IS SO ORDERED.

Dated:   **December 31, 2025**

UNITED STATES MAGISTRATE JUDGE