UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLOOM FRESH INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>JESSE SOLORIO, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01305-JLT-CDB<br><br>ORDER ON PARTIES' REQUEST TO CONTINUE DEADLINE TO FILE DISPOSITIONAL DOCUMENTS<br><br>(Doc. 35)<br><br>**<u>7-Day Deadline</u>** |

Plaintiff Bloom Fresh International Limited initiated this action with the filing of a complaint on October 2, 2025. (Doc. 1). On February 2, 2026, the Court granted the stipulated request of Plaintiff and Defendants Jesse Solorio, Del Sol Produce Sales, Inc., and Jesse Solorio & Sons Cold Storage, Inc., for a permanent injunction against those same Defendants and dismissed said Defendants. *See* (Doc. 28). At the scheduling conference on February 17, 2026, the Court did not schedule the case and, at the request of Plaintiff and remaining Defendants Crescensio A. Mena and Patricio A. Mena, directed the parties to file, no later than April 2, 2026, a notice of settlement or joint report regarding further scheduling of the case. (Doc. 29).

After two extensions of time (Docs. 31, 33) and upon order of the Court (Doc. 34) after the parties' failure to timely make the required filing, the parties filed a notice of settlement (Doc. 35). Therein, the parties express an intention to delay the filing of dispositional documents until the

parties "satisfy all settlement conditions" in the next 120 days. The parties represent that good cause exists because the terms of settlement "involve the removal of a vineyard" before the resolution of the action is final. *Id.*

In this District, parties are required to file dispositional documents no later than 21 days after the filing of a notice of settlement "absent good cause." *See* Local Rule 160. Here, the parties' apparent desire and intention to delay filing dispositional documents until after they have completed performance of terms pursuant to their settlement agreement does not constitute good cause for an extension. That is because, generally, a federal question claim as was presented in this case is "extinguished by the settlement and converted ... into a claim under a contract," a breach of which the parties should pursue in state court. *See Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737, 739 (7th Cir. 2008).

In short, as the parties have resolved their claims pursuant to an enforceable contract, the Court declines to maintain this case in active status to supervise the parties' performance of their undisclosed, private settlement agreement because they have not shown that exercising jurisdiction over the performance of their agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

The Court will vacate all remaining case management dates and related filing requirements and direct the parties to file dispositional documents within seven days. Further, the parties are admonished that, while they may not confer jurisdiction upon the Court to supervise performance under a settlement agreement, they may request that the Court maintain jurisdiction for that purpose. *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (citing *Kokkonen*, 511 U.S. at 381); *Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993).

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that:

1. The parties shall file dispositional documents no later than **June 10, 2026**; and

///

///

///

2

2.  All remaining case management dates and related filing requirements are VACATED.

IT IS SO ORDERED.

Dated:   **June 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3